**POWELL v. PRATT CHUCK CO.**

District Court, N. D. New York.   December 16, 1927.

Injunction ⌁55—Sending out threatening and intimidating letters to the trade by complainant in infringement suit will be enjoined.

Defendant in infringement suit *held* entitled to injunction restraining complainant from sending out circulars and letters to the trade, claiming infringement by defendant and threatening suits against others by reason thereof.

In Equity. Suit by Herbert S. Powell against the Pratt Chuck Company. On motions by defendant to dismiss bill and for injunction. Motion to dismiss denied, and motion for injunction granted.

Thomas L. Wilder, of Utica, N. Y., for plaintiff.

Miller & Hubbell, of Utica, N. Y., and Munn, Anderson & Munn, of New York City, for defendant.

COOPER, District Judge. Defendant moves for dismissal on the pleadings, reply to interrogatories, and motion papers, which contain the plaintiff's patents in suit, with the file wrappers and contents, and for injunctions restraining the defendant from further circulation of threatening and intimidating notices to the trade. The motion papers also show circulars and letters admitted to have been sent out by plaintiff. Defendant also moves, in the case of denial of its motion to dismiss the complaint, for leave to amend its answer. The plaintiff submits affidavits attaching letters sent out by defendant.

From this record this court is disposed to hold at this time that the defendant's muffler, as made before the commencement of this suit, contained conical or funnel-shaped downwardly extending openings in the bottom of certain sections of the muffler, and infringed claim 1 of plaintiff's patent, No. 1,541,275, but that the mufflers made by the defendant since a time prior to the commencement of this suit do not contain such conical or funnel-shaped downwardly extending openings, and do not infringe such claim, or any other claim, of that patent, or any other patents in suit. The court, however, believes that plaintiff is entitled to an injunction restraining the further making of the aforesaid infringing muffler.

The court also finds the defendant is entitled to injunction restraining the plaintiff from continuing to send out letters or other communications saying that defendant's construction infringes plaintiff's patent, or threatening infringement suit by reason of such infringement. By reason of plaintiff's unethical conduct in sending out such communications, after suit be brought and after discontinuance of manufacture of the previous infringing device, it will be denied any accounting for infringement as to the device

whose manufacture by defendant has been discontinued. Defendant will also be denied any accounting as to the unethical letters and circulars sent out by plaintiff.

If the defendant is disposed to accept this decision, order or decree may be entered accordingly, which may also contain an injunction restraining the plaintiff as above stated. If defendant is not disposed to accept such decision, defendant's motion to dismiss the complaint will be denied, and the case will proceed to trial as if this motion had not been made, and defendant may, of course, raise the question and present its proof of prior use or manufacture.

Defendant may have 20 days from the date hereof in which to determine whether or not to accept such decision of this motion, which time may be extended by consent of the parties, or upon due cause shown. If defendant elects not to accept, in that case the motion for leave to amend the answer is granted, and likewise a preliminary injunction restraining the plaintiff from sending any communication to the trade, which contains a statement that defendant's present construction infringes any of the patents of the plaintiff.

Plaintiff having submitted no brief, if either of the parties desires to further argue the power of the court to make such decision on this motion and record, and without the formality of a trial, he or it may do so on any motion day, by agreement or on notice, in which case the 20 days will, if desired by defendant, run from the day of the decision on such argument, provided the motion for argument is served within 15 days from the date hereof. Even if defendant shall accept this decision, such argument may be had, if notice thereof is served at any time within 10 days after such acceptance and notice thereof to the plaintiff.

Of course, if plaintiff is not satisfied with the decree granted upon the above terms, besides objecting to the power of this court so to do, if his objections, if any, are overruled, he may take his appeal.